**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **RICHARD KOEHLER,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 26-1566** |
| **RAINER M. BLAIR, *et al.*,** | |
| **Defendants.** | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Richard E. Koehler brings this shareholder derivative action on behalf of Danaher Corporation, alleging that its directors and officers concealed the impending collapse of the Company's pandemic-era growth while selling more than $50 million of personal stock at artificially inflated prices.  <u>See</u> ECF No. 3 (Compl.), ¶¶ 3, 6, 9–10, 22.  Koehler asserts claims for violations of federal securities laws and, under Delaware law, breach of fiduciary duty and unjust enrichment.  <u>Id.</u>, ¶¶ 241–82.  To protect confidential information from disclosure, Plaintiff now moves to file his Complaint partially under seal.  <u>See</u> ECF No. 1 (Mot.).  Specifically, he seeks to redact information drawn from documents that Danaher produced under a Section 220 demand and designated as confidential, proprietary, and commercially sensitive.  <u>See</u> Compl., ¶¶ 11–21, 96–97, 111–112, 120, 126, 137–138, 155–156, 158, 168, 180–195.  The Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.  <u>See</u> LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to seal the complaint"); <u>id.</u> 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

I.    **Legal Standard**

Generally, a plaintiff filing a civil action must identify the parties and file on the public docket.  See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1).  "The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings."  Hardaway v. D.C. Hous. Auth., 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting EEOC v. Nat'l Children's Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996)).  When a party seeks to overcome this presumption and seal court records, courts engage in the six-factor inquiry described in United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980).  Those factors are:

(1) the need for public access to the documents at issue;
(2) the extent of previous public access to the documents;
(3) the fact that someone has objected to disclosure, and the identity of that person;
(4) the strength of any property and privacy interests asserted;
(5) the possibility of prejudice to those opposing disclosure; and
(6) the purposes for which the documents were introduced during the judicial proceedings.

Nat'l Children's Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22).

II.    **Analysis**

Plaintiff has met his burden to overcome the presumption in favor of public access to court records.  The Court will address each Hubbard factor in turn.

The first — "the need for public access to the documents at issue," id. — counsels in favor of granting Plaintiff's Motion.  This shareholder derivative action is not the sort of traditional criminal proceeding to which courts have recognized that a heightened public interest attaches.  See Hubbard, 650 F.2d at 317.  Nor is it tied to any such proceeding.  Cf. United States v. All Petroleum-Product Cargo Aboard the Suez Rajan with Int'l Mar. No. 9524475, No. 23-882, ECF No. 4 (Mem. Op.) (D.D.C. Apr. 10, 2023).  Plaintiff, moreover, requests only limited redactions of "confidential information specific to [Danaher's] business"; the vast majority of the

2

Complaint remains available to the public.  Monbo v. United States, 2023 WL 7129866, at *1 (D.D.C. Sept. 7, 2023).

The second factor — "the extent of previous public access" to the materials Plaintiff seeks to seal, Nat'l Children's Ctr., 98 F.3d at 1409 — likewise weighs in favor of sealing.  In assessing this factor, a court "consider[s] the public's previous access to the sealed information, not its previous access to the information available in the overall lawsuit."  CNN v. FBI, 984 F.3d 114, 119 (D.C. Cir. 2021).  Koehler represents that "the public has never had access to the Section 220 documents or the proprietary business information therein."  Mot., ¶ 8.  Indeed, the nonpublic character of these materials is underscored by their provenance: Plaintiff obtained them only through a Section 220 books-and-records demand and, even then, only pursuant to a confidentiality agreement.  Id., ¶ 2.

The third factor similarly supports Plaintiff's cause.  "[T]he fact that a party moves to seal the record weighs in favor of the party's motion."  Zapp v. Zhenli Ye Gon, 746 F. Supp. 2d 145, 149 (D.D.C. 2010).  Plaintiff has so moved, and, as is common at this stage, no objection to the Motion has been lodged.

The fourth factor — the "strength of any property [or] privacy interests asserted," Nat'l Children's Ctr., 98 F.3d at 1409 — lends further support for sealing.  The Section 220 documents at issue consist principally of minutes from meetings of Danaher's Board of Directors and its committees.  See Mot., ¶¶ 2–3, 10.  Those materials reflect the Board's internal financial-performance assessments, revenue data, business-segment forecasts, and deliberations over strategic responses to shifting market conditions.  Id.  That information, Plaintiff contends, "would be harmful to the Company if made publicly available."  Id., ¶ 10.  Protecting "confidential business information that should be kept private for competitive business reasons"

has been recognized by courts in this district as an interest strong enough to merit nondisclosure. United States v. All Assets Held at Bank Julius Baer & Co., 520 F. Supp. 3d 71, 83 (D.D.C. 2020); see Vanda Pharms., Inc. v. FDA, 539 F. Supp. 3d 44, 57 (D.D.C. 2021) ("[T]he fourth Hubbard factor weighs strongly in favor of keeping confidential . . . proprietary information under seal."); Monbo, 2023 WL 7129866, at *2 (similar).

The fifth factor, which considers possible prejudice to the party seeking the seal, is neutral. Plaintiff does not "identif[y] how the disclosure of the relevant material" — here, the Section 220 material discussed in the Complaint — "causes legal prejudice." All Assets Held, 520 F. Supp. 3d at 85 (quoting Zapp, 746 F. Supp. 2d at 150) (cleaned up); see Friedman v. Sebelius, 672 F. Supp. 2d 54, 60–61 (D.D.C. 2009) (fifth factor did not "weigh strongly" either way where "plaintiffs ha[d] not claimed that unsealing this matter would affect them in any future litigation"). While Koehler states that Danaher "would face substantial prejudice" from disclosure and that he "would likewise face prejudice" by breaching the parties' confidentiality agreement, see Mot., ¶ 11, those cursory statements do not explain how disclosure would impair his ability to carry out this shareholder derivative action or otherwise prejudice him in any future litigation.

The last factor — "the purposes for which the documents were introduced," Nat'l Children's Ctr., 98 F.3d at 1409 — is the only one that cuts the other way. Disclosure is the norm when "the parties explicitly intend the Court to rely on the sealed materials in adjudicating their dispute." Vanda Pharms., 539 F. Supp. 3d at 57 (formatting altered) (quoting Berliner Corcoran & Rowe LLP v. Orian, 662 F. Supp. 2d 130, 135 (D.D.C. 2009)). Here, Plaintiff "voluntarily commenced a public proceeding . . . and invoked the jurisdiction of this Court to do so." Upshaw v. United States, 754 F. Supp. 2d 24, 30 (D.D.C. 2010). To be sure, Koehler's

redactions are measured and targeted.  By including the information in the Complaint, however, Plaintiff "intended for the Court to rely on the sealed" materials in deciding this case.  Michaels v. NCO Fin. Sys., Inc., 2023 WL 4857413, at *5 (D.D.C. July 31, 2023).  Plaintiff confirms as much, describing the redacted material as "lend[ing] support to the allegations [he] asserts in the Complaint."  Mot., ¶ 12.

On balance, although the fifth factor is neutral and the sixth supports disclosure, the first four weigh in favor of granting the Motion.  The Court will therefore grant Plaintiff's request to redact portions of his Complaint.

### III.    Conclusion

The Court accordingly ORDERS that:

1.  Plaintiff's [1] Motion for Leave to File Complaint Under Seal is GRANTED;

2.  Within fourteen days of the Court's Order, Plaintiff shall file on the public docket his [3] redacted Complaint; and

3.  Plaintiff's [1-1] unredacted Complaint shall remain sealed, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  May 19, 2026